THE GLENS FALLS INSURANCE COMPANY

V.

BEVERLY GRAY STEPHENSON

Record No. 850188

April 22, 1988

Present: All the Justices

*Benjamn J. Trichilo (E. Stanley Murphy; Lewis & Trichilo*, on briefs), for appellant.

*George H. Balthrop (Stephenson & Balthrop, Ltd.*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

We granted this appeal to decide whether Code § 38.1-381 (now Code § 38.2-2206(F)), which requires an insured who intends to rely upon the uninsured motorist's coverage provision of his policy[1] to serve a copy of the process upon the insurance company, also requires that such service be accomplished within the limitation period for filing an action against a tortfeasor.

The Glens Falls Insurance Company (Glens Falls) filed a declaratory judgment suit against Beverly Gray Stephenson seeking a declaration of non-liability under the uninsured motorist endorsement to a motor vehicle liability policy Glens Falls had issued to Stephenson. After hearing evidence and considering a stipulation of facts, the trial court held that Glens Falls was obligated to provide uninsured motorist coverage to Stephenson.

On July 2, 1975, while Stephenson was walking on a sidewalk in New York City, he was struck by a car driven by George McLeod. Shortly after he was injured, Stephenson was advised that McLeod was insured, and Stephenson made a claim against McLeod's automobile insurance liability carrier. Stephenson notified Glens Falls of the accident a few days after it happened. On November 8, 1976, he made a written claim against Glens Falls under the medical payment provisions of his insurance policy. Stephenson described when and how he was struck by McLeod's automobile, and furnished Glens Falls with the names of the physicians and hospitals which rendered services to him, together with the amounts of their respective bills.

---

[1] The tortfeasor was underinsured in this case. The insurance policy defines an uninsured motorist as a motorist who is either uninsured or underinsured.

Stephenson brought an action against McLeod in New York in 1977, within that state's required statutory period. In January 1979, Stephenson filed a request for disclosure of McLeod's insurance coverage. McLeod's response, filed in May 1979, indicated that his coverage was limited to $10,000 for Stephenson's claim. Thereafter, Stephenson called an agent of Glens Falls and notified him of McLeod's limited coverage, indicating that he wanted to make a claim under his uninsured motorist coverage.

Stephenson and Glens Falls agree that Code § 38.1-381 required service of process upon Glens Falls in the New York action against McLeod before Stephenson could claim the benefits of Glens Fall's uninsured motorist coverage. They also agree that this service was accomplished after the Virginia and New York statutes of limitations would have run in the original action against McLeod if he had not already been sued in New York.

Glens Falls argues that this statute not only requires service of process upon it, but that such service must be accomplished within the required period for filing an action against McLeod. Code § 38.1-381(e1) provides in pertinent part that the "insured . . . shall . . . serve a copy of the process upon the insurance company issuing the policy *in the manner prescribed by law,* as though such insurance company were a party defendant." (Emphasis added.)

█ If a statute is clear and unambiguous, there is no need for interpretation, and we simply apply its plain meaning and intent. *Frazier* v. *City of Norfolk,* 234 Va. 388, 391-92, 362 S.E.2d 688, 690 (1987). We conclude that this is such a statute.

█ Describing itself as "the functional equivalent of a party defendant," Glens Falls concludes that it is entitled to all the benefits accorded to a party defendant, including the right to plead the statute of limitations. The language of the statute upon which Glens Falls relies does not support its argument. The phrase "in the manner prescribed by law" modifies the words "shall serve," indicating a clear legislative intent to limit the requirement to the *manner* of service of process, specifically described elsewhere in the Code.[2] Nowhere in the language of Code § 38.1-381 do we find any mention of a time period within which service is to be made. If the legislature had intended to create a limitation of time

---

[2] The different modes of service of process in Virginia and in New York are set forth in chapter 8 of Title 8.01 of the Virginia Code and in N.Y. Civ. Practice Law & Rules, §§ 303, 306-18 (McKinney 1987).

for such service, we think it would have done so in explicit language.

Moreover, we note that in all other statutes of limitations in Virginia the limitation period is tolled when the action is filed or "commenced," Code § 8.01-228, and the plaintiff normally may have process served at any time within a year thereafter. Rule 3:3. Under Glens Falls' proposed "statute of limitations," the action would not only have to be commenced, but process would also have to be *served* upon Glens Falls in order to toll the running of the limitation period. Yet a plaintiff in a personal injury case may not discover that the tortfeasor is uninsured or underinsured (as in this case) until after the tortfeasor has been served with process, which may occur at a time after the statute of limitations has run. Clearly, the legislature did not intend such a result.

Accordingly, we find no merit in Glens Falls' contention that the statute of limitations prevents Stephenson from claiming the benefits of his underinsured coverage.

Glens Falls also contends that the trial court erred in requiring it to show how it was prejudiced because of Stephenson's failure to make timely service of the motion for judgment upon it. We need not decide this issue because nowhere in the policy do we find a requirement of *timely service*[3] of the motion for judgment.

Accordingly, Stephenson's delay in effecting service is not a defense available to the insurance company. Therefore, we sustain the result on the ground that neither the statute nor the policy required service upon the insurer within a specified time.

*Affirmed.*

---

[3] On brief, Glens Falls refers to Stephenson's failure to furnish it with a copy of the New York pleadings at the time Stephenson filed his action against McLeod as an alleged violation of a condition of the policy. Glens Falls did not assign error to the trial court's failure to find that Stephenson's breach of such a condition avoided coverage by Glens Falls. Therefore, we will not notice this argument. Rule 5:17(c).