## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Burnett

v.

Mugle et al.

November 4, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration a *Motion to Quash* Service of Process filed by Banker's Standard Insurance Company.

The plaintiff filed this suit on May 22, 1990. The named defendants were served soon thereafter. On August 5, 1991, pursuant to a request from the plaintiff, Banker's Standard, as an underinsured carrier, was served with process. Thus, service of process on Banker's was obtained over one year after the commencement of the action.

Banker's now moves to quash process, claiming that the process was not in accordance with Rule 3:3, which provides that no judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action. Banker's also relies on Section 38.2-2206(F) which provides:

> If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant.

The plaintiff responds that Banker's is not a defendant to this action and that the service of process is proper.

Upon consideration of the memoranda submitted by counsel following oral argument on October 3, 1991, and the authorities cited by counsel, the Motion to Quash will be overruled.

The process prescribed by § 38.2-2206(F) shall be made as though the party to be served were a party defendant, but such service does not make the party served a defendant. The statute merely prescribes the manner in which service is to be made. The phrase "in the manner prescribed by law" modifies the words "shall serve" indicating a clear legislative intent to limit the requirement to the *manner* of service of process. *Glens Falls Insurance Company v. Stephenson*, 235 Va. 420 (1988). This interpretation is consistent with the Supreme Court's holding in *Roenke v. Virginia Farm Bureau Insurance Company*, 209 Va. 128 (1968), wherein it was held: "Even service of a copy of the process does not make the insurance company a defendant to the cause of action. The statute simply prescribed a precise and formal method of notification . . . ."

Having found that Banker's is not a party defendant, it follows that Rule 3:3 has not application here.