LUCILLE LOKEY, Adm'r and Adm'r to Collect of the Estate of Gladys Van Buskirk, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—92—0939

Argued April 21, 1993.—Opinion filed May 27, 1993.

Alvin R. Becker and Timothy M. Kelly (argued), both of Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago, for appellant.

Robert S. White (argued) and Robert W. Neirynck, both of Costigan & Wollrab, P.C., of Bloomington, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Lucille Lokey, administrator and administrator to collect of the estate of Gladys Van Buskirk, appeals from the order of the circuit court of McLean County dismissing plaintiff's complaint for declaratory judgment against defendant State Farm Mutual Automobile

Insurance Company. The only issue raised in this appeal is whether the trial court misapplied a Virginia statute requiring notice to an insurer that a claim for uninsured motorist coverage would be made by service of a copy of the process in an action against the owner or operator of the uninsured vehicle so as to enable the insurer to plead, and otherwise take part in, the action in the name of the owner or operator of the uninsured vehicle, or in its own name, where the statute expressly stated that it did not prevent the owner or operator of the uninsured vehicle from employing counsel of his own choosing and taking any action in his own interest in connection with the proceeding. We affirm.

On July 8, 1984, Van Buskirk was a passenger in an automobile driven by David H. Kilgore, the son of the owner David R. Kilgore. Both Kilgores were residents of Virginia, the vehicle was licensed in Virginia, and it was insured under a policy issued by defendant in Virginia. On July 8, 1984, the automobile driven by David H. Kilgore and in which Van Buskirk was a passenger was involved in a collision with a vehicle owned and operated by Earl Bowling, a resident of Kentucky and an uninsured motorist. The collision occurred in Kentucky. As a result of the accident, Van Buskirk was injured and eventually died after 12 days in the hospital.

On December 14, 1984, plaintiff's attorneys notified defendant, in writing, of a claim on behalf of Van Buskirk. Correspondence and telephone calls between plaintiff and defendant continued. In these communications, defendant relied on a dispute over whether the Kentucky statute of limitations had expired in refusing to meet plaintiff's demand for payment. On or about January 18, 1989, a judgment was entered in favor of plaintiff against Bowling in the amount of $100,000, in the United States District Court for the Eastern District of Kentucky (*Lokey v. Bowling* (E.D. Ken. Jan. 18, 1989), No. 86—168 (unpublished decision)). On March 19, 1991, the present action was filed in Cook County as No. 91—CH—2491; that court transferred the case to McLean County on December 18, 1991, and it was redocketed as case No. 92—CH—8. Service pursuant to the Virginia Code, in the Federal District Court in *Lokey v. Bowling*, was accomplished on October 21, 1992, over three years after the entry of the final judgment against Earl Bowling, the uninsured motorist.

The subject insurance policy recites that payment under the uninsured motorist provision will be made in accordance with section 38.1—381 of the Code of Virginia (Virginia Code) (now Va. Code Ann. §38.2—2206 (1990)). Section 38.1—381(e)(1) of the Virginia Code (now Va. Code Ann. §38.2—2206(F) (1990)) provides:

"If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, then *the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant.* The provisions of §8.01—288 shall not be applicable to the service of process required in this subsection. The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name. Nothing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding." (Emphasis added.)

Based on plaintiff's noncompliance with the statute, the instant declaratory judgment action was dismissed.

Defendant's motion to dismiss in this case was made pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9) (now 735 ILCS 5/2—619(a)(9) (West 1992))). Section 2—619(a)(9) of the Code allows for the filing of a motion for involuntary dismissal based on affirmative matter avoiding the legal effect of or defeating the plaintiff's claim. If the ground for dismissal is not evident from the face of the pleading, affidavits may be submitted in support of the motion. Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a) (now 735 ILCS 5/2—619(a) (West 1992)).

■ The test for determining the propriety of granting the motion to dismiss is whether it appears no set of facts may be proved so as to entitle plaintiff to recover from defendant. (*Toys "R" Us, Inc. v. Adelman* (1991), 215 Ill. App. 3d 561, 564, 574 N.E.2d 1328, 1330; *Michel v. Gard* (1989), 181 Ill. App. 3d 630, 635-36, 536 N.E.2d 1375, 1379.) In the case at bar, the facts are not controverted. As stated heretofore, it is clear defendant was not served as a party defendant in the Federal case against Bowling prior to the entry of judgment. Service by a deputy sheriff was made on October 21, 1992.

■ Plaintiff's first contention is that the case of *Glens Falls Insurance Co. v. Stephenson* (1988), 235 Va. 420, 367 S.E.2d 722, is directly on point and directs that there is no time limit prescribed for service in section 38.1—381(e)(1) of the Virginia Code. It is plaintiff's argument that the trial court in this case improperly construed the statute as having such a time limit. Plaintiff contends that the re-

quirement that such service be before judgment—at a time when defendant could have had an opportunity to actually participate in the proceeding against the uninsured motorist—is not specifically set forth in the statute.

The specific question considered in *Glens Falls* was whether the statute required service to be accomplished within the limitations period for filing an action against a tortfeasor. The Virginia Supreme Court decided that question as follows:

"Describing itself as 'the functional equivalent of a party defendant,' Glens Falls concludes that it is entitled to all the benefits accorded to a party defendant, including the right to plead the statute of limitations. The language of the statute upon which Glens Falls relies does not support its argument. The phrase 'in the manner prescribed by law' modifies the words 'shall serve,' indicating a clear legislative intent to limit the requirement to the *manner* of service of process, specifically described elsewhere in the Code. Nowhere in the language of Code §38.1—381 do we find any mention of a time period within which service is to be made. If the legislature had intended to create a limitation of time for such service, we think it would have done so in explicit language.

Moreover, we note that in all other statutes of limitations in Virginia the limitation[s] period is tolled when the action is filed or 'commenced,' Code §8.01—228, and the plaintiff normally may have process served at any time within a year thereafter. Rule 3:3. Under Glens Falls' proposed 'statute of limitations,' the action would not only have to be commenced, but process would also have to be *served* upon Glens Falls in order to toll the running of the limitation[s] period. Yet a plaintiff in a personal injury case may not discover that the tortfeasor is uninsured or underinsured (as in this case) until after the tortfeasor has been served with process, which may occur at a time after the statute of limitations has run. Clearly, the legislature did not intend such a result.

Accordingly, we find no merit in Glens Falls' contention that the statute of limitations prevents Stephenson from claiming the benefits of his underinsured coverage." (Emphasis in original.) *Glens Falls*, 235 Va. at 422-23, 367 S.E.2d at 724.

Based on this analysis, it appears that *Glens Falls* does not control the question in the case at bar. It is plaintiff's contention that she served defendant in conformance with the Federal rules (Fed. Rules Civ. P. 4(c)(2)(C)(ii), 4(d)(3)), and in light of the rule providing interven-

tion as of right and permissive intervention in Federal court (Fed. R. Civ. P. 24), which allows an insurer to intervene in a suit if the dispute might impair rights of the insurer (see *Dimond v. District of Columbia* (D.C. Cir. 1986), 792 F.2d 179, 191-94; *Fidelity Bankers Life Insurance Co. v. Wedco, Inc.* (D. Nev. 1984), 102 F.R.D. 41, 44-45), the defendant's rights were adequately protected under the Virginia statute.

Defendant does not challenge plaintiff's interpretation of these cases, nor does defendant contest the propriety of the method of service which plaintiff finally used to serve defendant. Defendant's contentions are that (1) service of process, not notice otherwise, is required by section 38.1—381 of the Virginia Code; (2) service was not accomplished on defendant until after the plaintiff's judgment against Bowling had become final; and (3) serving an insurer after the judgment against the uninsured motorist becomes final defeats the purpose of the Virginia statute.

The Virginia cases cited by defendant make it clear that service of process, not some other form of notice, is required to satisfy the Virginia statute. In *State Farm Mutual Automobile Insurance Co. v. Duncan* (1962), 203 Va. 440, 445-46, 125 S.E.2d 154, 158, the Virginia Supreme Court determined that the presence of a notice provision in the policy did not waive the insurer's rights under the statute because the notice provision had a different purpose than did the statute. The court also stated that the insurer had no obligation to advise a plaintiff that the insurer would be relying on the statute. (*State Farm*, 203 Va. at 446, 125 S.E.2d at 159.) With regard to the purpose of the statute, the court in *State Farm* emphasized that the statute allows the insurance company to participate in the litigation "in its own name." (*State Farm*, 203 Va. at 445, 125 S.E.2d at 158.) Another court has characterized the statute as placing the insurer in an adversarial position with the insured when uninsured motorist's benefits are involved. *Grant v. Maryland Casualty Insurance Co.* (D.C. Cir. 1969), 295 F. Supp. 174, 175.

The court in *Duncan* relied heavily on the earlier case of *Creteau v. Phoenix Assurance Co.* (1961), 202 Va. 641, 119 S.E.2d 336, wherein the insurance company was not only notified, but actually had its legal representative at trial, although the representative took no part in the trial. In *Creteau*, the Virginia Supreme Court noted that no process was served on the insurer because the clerk of the court refused to do it, thinking it to be improper. However, the insured's argument in *Creteau* was simply that the insurer had waived the requirement of the statute. The Virginia Supreme Court dis-

agreed. After discussing the concept of waiver of a known right, the court reasoned as follows:

> "In *Crockett v. Reynolds*, 76 W. Va. 763, 766, 86 S.E. 881, it was said:
>
> '*** The presence of an unserved defendant, though accompanied by attorney, merely as a spectator, when the case is called, is not a submission to the jurisdiction of the court, unless in some way he participates in the proceedings therein. *Fulton v. Ramsey*, 67 W. Va. 321, 68 S.E. 381.'
>
> We find under the facts alleged in the amended motion for judgment that Phoenix did not expressly, either in writing or parol, or by inconsistent conduct waive the service of process upon it in plaintiff's action against Rawls." *Creteau*, 202 Va. at 644, 119 S.E.2d at 339.

The cited case which is most factually similar to the case at bar is *Roenke v. Virginia Farm Bureau Mutual Insurance Co.* (1968), 209 Va. 128, 161 S.E.2d 704. Roenke, a Virginia resident, was injured in a collision between his vehicle and a vehicle driven by William Guy Dempsey, a resident of Tennessee who was an uninsured motorist. The collision occurred in Tennessee. Roenke employed Tennessee counsel who notified the insurer and sued Dempsey on Roenke's behalf in the United States District Court for the Eastern District of Tennessee. A copy of the complaint was forwarded to and received by the insurer. After a first trial ended in a hung jury, Roenke's counsel became aware of the requirement of serving the insured and inquired of the company if it intended to stand on that condition. If so, he requested to be advised and would serve the company. The company made no written response to this inquiry although it did make a nominal offer to settle. Following a second trial, Roenke obtained a $7,500 judgment against Dempsey, and the insurer denied liability because of the failure to comply with the statutory notice provision. Roenke then sued the insurance company in Virginia. The Virginia Supreme Court, interpreting section 38.1—381(e)(1) of the Virginia Code, stated in *Roenke*:

> "The provisions of this section are clear and unequivocal, and the statute is mandatory. It says in plain language that *any insured* who intends to rely on the uninsured motorist coverage *shall*, if action is instituted against the owner or operator of an uninsured motor vehicle, *serve* a copy of the process upon the insurance company issuing the policy *in the manner prescribed by law as though such insurance company were a party defendant.*

The notice required to be given an insurance company can be given in only one way, and that is by the service of a copy of the process in the manner prescribed by law. Even service of a copy of the process does not make the insurance company a defendant to the cause of action. The statute simply prescribes a precise and formal method of notification of the commencement or filing of a legal action to a party that is, or may be, interested in the action. Thereafter the insurance company is given the right to file pleadings, and to take such other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name.

The General Assembly could have provided other and different methods of notification, but it did not do so. By this statute it required formal service on the company, the same as if it were a defendant, and provided that a copy of the process must be served before the company could be held liable under the Uninsured Motorist Act. It used language which is exacting and established such service as a condition precedent to entitlement to the benefits of the statute." (Emphasis in original.) *Roenke*, 209 Va. at 130-31, 161 S.E.2d at 706.

Noting that Roenke was not misled or lulled into inaction by anything that the insurer did or failed to do, the *Roenke* court affirmed the lower court's judgment for the insurer.

Based on *Roenke*, the result in the case at bar must be the same. Plaintiff did not specifically argue waiver here. Nor does plaintiff argue that the enforcement of the Virginia statute violates Illinois public policy in some way. Plaintiff also does not dispute that the law of Virginia applies to the case at bar. *Allen v. State Farm Mutual Automobile Insurance Co.* (1991), 214 Ill. App. 3d 729, 738-39, 574 N.E.2d 55, 60-61.

Therefore, the judgment of the circuit court of McLean County is affirmed.

Affirmed.

STEIGMANN, P.J., and COOK, J., concur.