**Rodger M. EYMAN and Donna L. Eyman, Plaintiffs/Appellees,**

v.

**KENTUCKY CENTRAL INSURANCE COMPANY, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 29, 1993.

Permission to Appeal Denied by Supreme Court Jan. 31, 1994.

John L. Schlechty, Nashville, for defendant-appellant.

Richard L. Dugger, Shelbyville, for plaintiffs-appellees.

## *OPINION*

CANTRELL, Judge.

The Kentucky Central Insurance Company ("Kentucky Central") has appealed from the

judgment of the Chancery Court of Lincoln County granting summary judgment to Rodger and Donna Eyman. The chancellor held that a default judgment against an uninsured motorist was valid and enforceable against Kentucky Central. We find that Kentucky Central was not properly served with process and thus, we reverse and dismiss the case.

## I.

Rodger and Donna Eyman were involved in a motor vehicle accident with Mr. William Fain. Since Mr. Fain was uninsured, the Eymans sought compensation under the uninsured motorist coverage of their automobile insurance policy with Kentucky Central. Although the Eymans attempted to settle with Kentucky Central, negotiations broke down, and the Eymans filed suit against Mr. Fain. The Eymans sent Kentucky Central a letter advising them of the uninsured motorist claim. Attached to the letter was a copy of the complaint and an unsigned copy of the summons. However, no summons was issued or process served on Kentucky Central. Accordingly, Kentucky Central did not file an answer or otherwise appear in the action.

Upon motion by the Eymans, the chancellor entered a default judgment against Mr. Fain in the amount of $125,000. Subsequently, the Eymans filed this suit in chancery court seeking a declaratory judgment against Kentucky Central for the $125,000. The chancellor granted the Eymans' motion for summary judgment, and Kentucky Central appeals.

## II.

The purpose of summary judgment is to provide an economical method of concluding cases on issues as to which there is no dispute regarding any material fact. *Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn.App.1992). In deciding a motion for summary judgment the court must view the pleadings and the evidence before it in the light most favorable to the opponent of the motion. *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 279 (Tenn.App.1977). If it is shown that no genuine issue as to any material fact exists, the moving party is entitled to a judgment as a matter of law. *Daniels v. White Consol. Indus., Inc.*, 692 S.W.2d 422, 424 (Tenn.App.1985).

## III.

The central issue presented to this court is whether strict compliance with the notice requirements of Tenn.Code Ann. § 56–7–1206(a) is mandated. Some Tennessee cases have assumed compliance with the requirement that process be served on the uninsured motorist insurance carrier; however, none have addressed the issue directly. *See Glover v. Tennessee Farmers Mut. Ins. Co.*, 225 Tenn. 306, 313, 468 S.W.2d 727, 730 (1971); *Webster v. Harris*, 727 S.W.2d 248, 251–52 (Tenn.App.1987).

Tenn.Code Ann. § 56–7–1206(a) provides in part:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant.

In determining the meaning of Tenn. Code Ann. § 56–7–1206(a), we reiterate the oft cited rule of statutory interpretation that where the language of a statute is clear and unambiguous, the court must enforce the statute according to its terms. *Bandy v. Duncan*, 665 S.W.2d 387, 391 (Tenn.App. 1983). Moreover, each word used in a statute is presumed to have meaning and purpose. *General Care Corp. v. Olsen*, 705 S.W.2d 642, 646 (Tenn.1986). Thus, each word should be given full effect if doing so would not violate the obvious intention of the legislature. *Lady v. Kregger*, 747 S.W.2d 342, 345 (Tenn.App.1987).

Tenn.Code Ann. § 56–7–1206(a) instructs that the plaintiff shall "serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant." The requirements of serving process is discussed in Tenn. R.Civ.P. 4:

The summons shall be issued in the name of the state of Tennessee, be dated and signed by the clerk, contain the name of the court and county, the title of the action, and the file number. The summons shall be directed to the defendant, shall state the time within which these rules require him to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. The summons shall state the name and address of the plaintiff's attorney, if any; otherwise it shall state the plaintiff's address.

Tenn.R.Civ.P. 4.02.

 In giving effect to each word in Tenn. Code Ann. § 56–7–1206(a), we believe that the Eymans' letter to Kentucky Central was deficient for several reasons. First, the summons was not dated or signed by the court clerk as required by Tenn.R.Civ.P. 4.02. The purpose of requiring process to be signed by the clerk is to give it the stamp of judicial authority. *See State, Dept. of Revenue v. Moore*, 722 S.W.2d 367, 370 (Tenn.1986).

Second, the summons was deficient because it was not directed to Kentucky Central. It did not inform Kentucky Central of the time and date upon which it was required to appear and defend, nor did the letter inform Kentucky Central that failure to do so would result in a default judgment. The unsigned copy of the summons which was attached to the letter was addressed to Mr. Fain, the uninsured motorist, not to Kentucky Central. While the letter did state that the Eymans were pursuing an uninsured motorist claim, we do not believe this was enough to constitute compliance with the statute.[1]

We recognize it cannot be seriously believed that Kentucky Central did not understand the ramifications of the letter sent by the Eymans' attorney. However, the legislature has seen fit to set up procedural rules in order to protect the rights of litigants. It is the responsibility of this court to enforce those rules.

Accordingly, we reverse the chancellor's summary judgment in favor of the plaintiffs and dismiss the complaint. This cause is remanded to the Chancery Court of Lincoln County for any further proceedings that may be necessary. Tax the costs of appeal to the appellants.

TODD, P.J., and INMAN, Senior Judge, concur.

---

1. The interpretation of uninsured motorist statutes in other jurisdictions is consistent with our opinion today. *See Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co.*, 216 Va. 926, 223 S.E.2d 901, 904 (1976) (language of statute makes notice to insurance carrier mandatory and establishes a condition precedent to the benefits of the statute unless waived by the insurance carrier.); *See also, Beasley v. Parks*, 204 Ga.App. 482, 420 S.E.2d 3, 4 (1992) (mere settlement negotiations do not excuse a plaintiff from the statutory requirement to serve a suit by legal process on the insurer.). "Service of process, not some other form of notice, is required to satisfy the Virginia statute." *Lokey v. State Farm Mut. Auto Ins. Co.*, 245 Ill.App.3d 80, 185 Ill.Dec. 409, 411, 614 N.E.2d 543, 545 (1993).