# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

RHONDA G. GOLEY,

    Plaintiff-Appellant,

v.

ANDREW J. BROYLES, II,

    Defendant-Appellee.

) C/A NO. 03A01-9809-CV-00293
)
) KNOX CIRCUIT
)
) HON. DALE WORKMAN,
) JUDGE
)
) REVERSED AND
) REMANDED


FARRELL A. LEVY, McDONALD, LEVY & TAYLOR, Knoxville, for Plaintiff-Appellant.

JAMES S. MacDONALD, DUNN, MacDONALD & COLEMAN, P.C., Knoxville, for Defendant-Appellee.


# O P I N I O N


Franks, J.


This appeal arises from an automobile accident that occurred on October 8, 1996. Plaintiff Rhonda Goley filed suit against defendant Andrew Broyles on September 23, 1997. Process was issued the next day. At the time of the accident, Goley had an insurance policy with defendant State Farm Automobile Insurance Company that provided uninsured motorist coverage. Goley's attorney mailed a copy of the complaint to State Farm on September 22, 1997.

Goley later learned that Broyles was uninsured. A summons was issued to State Farm on January 12, 1998, and served on January 21, 1998. State Farm moved for summary judgment, claiming that the one-year statute of limitations barred Goley's claim. The Trial Judge agreed, and granted the motion. The Trial Court erred

in dismissing the action, because, in our view, plaintiff complied with T.C.A. §56-7-1206(a).

State Farm contends it was not properly served with process, and that the statute of limitations bars this claim, since the statute of limitations for personal injuries is one year from the date of the injury. T.C.A. §28-3-104(a)(1). T.C.A. §56-7-1206(a) addresses the procedure for claims against uninsured motorist carriers:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant.

Neither party cites any reported Tennessee case directly addressing this issue, and our research has revealed none.[1]

The Virginia Supreme Court has faced the issue before us in *Glenn Falls Ins. Co. V. Stephenson*, 367 S.E.2d 722 (Va. 1988). The Virginia Court relied upon statutory language identical to T.C.A. §56-7-1206:

> The phrase "in the manner prescribed by law" modifies the words "shall serve," indicating a clear legislative intent to limit the requirement to the manner of service of process, specifically described elsewhere in the Code. Nowhere in the language of [the statute] do we find any mention of a time period within which service is to be made. If the legislature had intended to create a limitation of time for such service, we think it would have done so in explicit language . . . [A] plaintiff in a personal injury case may not discover that the tortfeasor is uninsured or underinsured (as in this case) until after the tortfeasor has been served with process, which may occur at a time after the statute of limitations has run.

*Id.* at 724.

This reasoning is persuasive. *See also* 7A Am.Jur.2d *Automobile Insurance* §589 (citing *Glenn Falls* and noting that the insured "need not serve the

---

[1] The unreported case of *Robbins v. City of Chattanooga*, (Tenn. App. Filed Jan. 29, 1995, Knoxville), determined that a plaintiff's failure to serve process on the uninsured carrier within the one-year statute of limitations was not fatal.

insurer before the expiration of the limitations period against the tortfeasor, provided the tortfeasor was sued before the expiration of such limitations period.")

We reverse the summary judgment in favor of State Farm and remand with cost of the cause assessed to appellee.

\_\_\_\_\_

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

3