# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

February 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

DONALD E. GRIFFIN,         )
          )
   Plaintiff/Appellant,     )
          )   Appeal No.
          )   01-A-01-9712-CH-00700
VS.              )
          )   Davidson Chancery
          )   No. 97-1104-I(II)
SHELTER MUTUAL INSURANCE  )
COMPANY,         )
          )
   Defendant/Appellee.    )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

CHARLES PATRICK FLYNN
MICHAEL K. RADFORD
214 Centerview Drive, Suite 233
Brentwood, Tennessee 37027
     Attorneys for Plaintiff/Appellant

THOMAS W. HARDIN
KIM B. KETTERING
102 W. Seventh Street, Suite 100
Columbia, Tennessee 38402-0692
     Attorneys for Defendant/Appellee

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The Chancery Court of Davidson County granted summary judgment to appellant's underinsured motorist carrier because appellant failed to comply with the notice provisions of the policy and the service provisions of Tenn. Code Ann. § 56-7-1206(a). The appellant contends that he did comply with the policy provisions and that Tenn. Code Ann. § 56-7-1206(a) does not apply under the facts of this case. We affirm the trial court on the failure to follow the statute. We reverse the dismissal on the failure to follow the policy's notice provisions.

**I.**

The appellant, Donald E. Griffin, sued Richard Vaughn for $500,000 for injuries the appellant sustained in an automobile accident in Maury County. Mr. Griffin had underinsured motorist coverage with Shelter Mutual Insurance Company (Shelter), but he did not serve Shelter with any of the suit papers. Shelter did, however, pursue a subrogation claim for the payments made to Mr. Griffin under the policy. Mr. Griffin's lawyer agreed to handle the subrogation claim without cost to Shelter.

Mr. Griffin obtained a judgment against Mr. Vaughn for $225,000, only $50,000 of which was covered by the defendant's insurance. Mr. Griffin then demanded that Shelter pay the difference between the $50,000 and the limits of Shelter's underinsured coverage. When Shelter refused, this action followed. The chancellor granted summary judgment to the defendant.

**II.**

Shelter resisted Mr. Griffin's claim on two grounds. The first is found in Tenn. Code Ann. § 56-7-1206(a) which requires an insured intending to rely on his uninsured motorist coverage to serve a copy of the process issued against the uninsured tortfeasor on the insurance company "in the manner prescribed by law, as though such insurance company were a party defendant." We have said that an insured must strictly comply with the statute's requirements. *Eyman v. Kentucky Central Ins. Co.*, 870 S.W.2d 530 (Tenn. App. 993).

In *Eyman*, we said that a letter to the insurance company enclosing a copy of the summons and the complaint served on the tortfeasor was not sufficient to satisfy the statutory mandate. In *Glover v. Tennessee Farmers Mutual Ins. Co.*, 468 S.W.2d 727 (1971), our Supreme Court held that an insured must follow the statute and cannot ordinarily file a direct action against his uninsured motorist carrier.

In *Bolin v. Tennessee Farmers Mutual Ins. Co.*, 614 S.W.2d 566 (Tenn. 1981), however, the Supreme Court recognized an exception to the strict application of the statute, where the plaintiff pursued his tort claim against an apparently insured defendant without serving his own carrier, but after obtaining a judgment, the plaintiff discovered that the defendant was in fact uninsured. The plaintiff then sued his own carrier and our Supreme Court allowed him to succeed, although the Court adhered to the holding in *Glover* "as a general rule." The Court found it significant that the plaintiff's uninsured carrier had been actively involved in the litigation because the carrier had to defend the plaintiff from some adverse claims arising out of the same accident. The Court said:

> It is obvious that under some circumstances an insurance carrier becomes subject to a claim under these statutes at a fairly late stage, or even after the conclusion, of litigation against the tort-feasor.
>
> \*       \*       \*
>
> The rule laid down by the Court of Appeals in the present case would be a harsh one and would require every plaintiff, suing an apparently insured defendant, also to

> implead his own uninsured motorist carrier or otherwise lose the benefit of his coverage in the event the tort-feasor should prove to be uninsured for some reason unknown to the plaintiff.

*Bolin* at 568, 569.

The appellant insists that his case comes within the *Bolin* exception. We do not think, however, that the exception goes that far. If it did, the exception would soon swallow the rule. There are two facts that distinguish this case from *Bolin*. The first is the fact that this defendant was not completely uninsured. The second is the fact that the uninsured carrier actively participated in the *Bolin* trial because it was required to defend its client from the claims arising out of the same accident. Thus, the carrier was not prejudiced by being left out of the litigation.

The appellant's case is a more typical case where the plaintiff asserts a large claim ($500,0000) and the defendant apparently has liability insurance. Under these circumstances, is the plaintiff justified in assuming that he will not need to rely on his uninsured motorist coverage? Or does it make more sense to follow the statutory mandate and serve the uninsured motorist carrier so that the carrier may determine how to protect its own interests? We think the answer is obvious.

It is true that the carrier in this case pursued its subrogation claim; but that participation was through the appellant's counsel, who assured the carrier that its subrogation interest would be protected. There is nothing in this record to indicate that the carrier was otherwise involved in this case.

We conclude that the claim against the carrier was properly dismissed because of the failure to serve the carrier according to Tenn. Code Ann. § 56-7-1206(a).

**III.**

The second ground on which the chancellor granted summary judgment concerns the policy language.  In the general provisions the policy says:

> A person claiming coverage under this policy must . . . (1) Cooperate with **us** and assist **us** in any matter concerning a claim or suit; (2) Send us promptly any legal papers received or relating to any claim or suit . . .

Part IV, titled Uninsured Motorists, contains the provision:

> If, before **we** make payment of loss, the **insured** or the **insured's** legal representative institutes any legal action for **bodily injury** against any other person or organization legally responsible for the **use** of an **auto** involved in the accident, a copy of the summons and complaint or other process served in connection with the legal action shall be forwarded immediately to us.  (Emphasis in original.)

Without any showing of prejudice to Shelter, the chancellor dismissed the complaint on the failure to comply with these provisions also.  The appellant makes a strong argument that neither provision applies under the facts of this case, but we take no position on that argument because of a change in the law since the decision below.

When the chancellor decided this case an insurance company was entitled to the dismissal of a claim under an insurance policy if the policy's notice provisions were not complied with.  Our courts recognized that noncompliance with the notice provisions was a complete defense, regardless of any prejudice to the insurance company.  *Hartford Acc. & Indem. Co. v. Creasy*, 530 S.W.2d 778 (Tenn. 1975).  On December 21, 1998, however, our Supreme Court decided that the failure to give notice only raised a presumption of prejudice, and that the insured could rebut the presumption by proving that the insurance company was not prejudiced.  *Alcazar v. Hayes*, _____ S.W.2d _____ (Tenn. 1998).

The issue of prejudice to the company has not been raised in this case; consequently the plaintiff has not had a chance to rebut it. We hold, therefore, that the judgment dismissing the complaint on this ground should be reversed.

We affirm the court's dismissal of the complaint on the ground that the plaintiff failed to comply with Tenn. Code Ann. § 56-7-1206(a). We reverse the dismissal on the ground that the plaintiff failed to comply with the policy requirements. We remand the case to the Chancery Court of Davidson County for any further necessary proceedings. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE