IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2003 Session

JOHN HANNAH, JR. v. LINDSAY CRUSSELL, ET AL.

Appeal from the Circuit Court for Knox County
No. 1-134-02     Dale Workman, Judge

FILED JUNE 30, 2003

No. E2002-02475-COA-R3-CV

John Hannah, Jr. ("Plaintiff") and Lindsay Crussell were involved in an automobile accident. At the time of the accident, Lindsay Crussell was driving a vehicle owned by Gina Swainson and Charles Swainson. Plaintiff sued Lindsay Crussell, Gina Swainson, and Charles Swainson ("Defendants"). In compliance with Tenn. Code Ann. § 56-7-1206, Plaintiff served State Farm Mutual Automobile Insurance Company ("State Farm"), Plaintiff's uninsured motorist carrier, with a copy of the complaint. State Farm filed a motion for summary judgment. The Trial Court granted State Farm summary judgment because Defendants were not uninsured. Plaintiff appeals. We affirm, in part, and vacate, in part.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed, in part, and Vacated, in part; Case Remanded.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. CHARLES D. SUSANO, JR., J., filed a concurring in part and dissenting in part opinion.

Gary L. Adkins, Knoxville, Tennessee, for the Appellant, John Hannah, Jr.

James C. Cone, Knoxville, Tennessee, for the Appellee, State Farm Mutual Automobile Insurance Company.

# OPINION

## Background

In March of 2001, Plaintiff and Lindsay Crussell were involved in an automobile accident. The vehicle that Lindsay Crussell was driving was owned by Gina Swainson and Charles Swainson.

Plaintiff sued Defendants and in compliance with Tenn. Code Ann. § 56-7-1206, served State Farm, Plaintiff's uninsured motorist carrier, with a copy of the complaint. State Farm filed a motion for summary judgment and served requests for admissions upon Defendants. Defendants admitted that at the time of the accident Defendants were insured under a policy of automobile insurance and that the liability coverage limits of that insurance policy at that time were greater than or equal to the $100,000 per person and $300,000 per accident bodily injury limits and the $50,000 property damage limits contained in Plaintiff's uninsured motorist insurance. Defendants also admitted they were not aware of any coverage questions, issues, or any reservation of rights as to their liability insurance coverage that would cause their automobile liability insurance to become unavailable.

The Trial Court granted State Farm summary judgment holding that no genuine issue of material fact existed because there "is no uninsured or underinsured motorist in this case at this time, and the plaintiff cannot sustain his burden of proving that any defendant is uninsured or underinsured as defined in T.C.A. § 56-7-1202(a)." The Trial Court also included language in its order stating "it is the express determination of the Court that there is no just reason for delay . . ." making the judgment a final one pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Plaintiff appeals.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether State Farm is entitled to summary judgment as a matter of law.

As our Supreme Court has instructed:

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts

relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

Tenn. Code Ann. § 56-7-1206 provides that:

Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant. . . .

Tenn. Code Ann. § 56-7-1206 (a) (2002). The statute then gives the insurance company "the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name . . . ." *Id.*

Our Supreme Court has stated that "[t]he intention of the General Assembly in enacting [Tenn. Code Ann. § 56-7-1206] was to provide an efficient procedure to allow persons to obtain complete relief from their uninsured motorist policy when injured by an uninsured motorist who is financially unable to respond in damages." *Griffin v. Shelter Mutual Ins. Co.*, 18 S.W.3d 195, 198 (Tenn. 2000). "[A]bsent a specific policy provision authorizing a direct action, the uninsured motorist statute does not permit a plaintiff to bring suit directly against an uninsured motorist carrier." *Id.* A plaintiff must strictly comply with the notice requirements of the statute. *See Eyman v. Kentucky Central Ins. Co.*, 870 S.W.2d 530 (Tenn. Ct. App. 1993).

It is a basic rule of statutory interpretation that where the language of a statute is clear and unambiguous, the court must enforce the statute as it is written. *See, e.g., Eyman*, 870 S.W.2d at 531. The language of Tenn. Code Ann. § 56-7-1206 clearly and unambiguously states specific steps must be taken when an "action is instituted against the owner and operator of an *uninsured* motor vehicle . . . ." Tenn. Code Ann. § 56-7-1206 (a) (2002) (emphasis added).

Defendants admitted in their answers to State Farm's requests for admissions that they are insured and that their coverage meets or exceeds Plaintiff's coverage limits. Defendants also admitted they know of nothing that might cause them to become uninsured. Plaintiff admits in his brief that "it is undisputed that sufficient liability coverage exists at the present time . . . ." Plaintiff then argues that "this does not guarantee that coverage could not become an issue later in the litigation or even after a judgment has been rendered." Therefore, it is undisputed that both at the time Plaintiff filed his lawsuit and when the motion for summary judgment was heard, Defendants were not the "owner[s] and operator[s] of an uninsured motor vehicle." *Id.* As such, the suit filed by Plaintiff against Defendants is not an action "instituted against the owner and operator of an uninsured motor vehicle . . . ." *Id.*

Adoption of Plaintiff's position would mean that a plaintiff's uninsured carrier would have the right, if it wished to do so, to participate at trial even over the objections of a fully insured defendant. While this may not trouble Plaintiff, it does trouble this Court as it clearly was not the intention of the Legislature in enacting this statute to force a fully insured defendant to accept the unwanted participation of the plaintiff's insurance company in his defense of the plaintiff's claim against him. The language of the statute is clear and unambiguous as it requires that the action must be one "against the owner and operator of an *uninsured* motor vehicle." *Id.* (emphasis added).

There is no genuine issue of material fact as to whether Defendants are uninsured under the statute. They are not. State Farm successfully negated this essential element of Plaintiff's claim against it. Enforcing the statute as written, as we must, we hold that the Trial Court did not err in granting summary judgment to State Farm. State Farm is entitled to judgment as a matter of law as the plain language of the statute requires Plaintiff's suit be against an uninsured owner or operator, and Defendants are not uninsured.

In order to prevent needless litigation and possible injury to the interest of the public, and to give effect to the Legislature's clear intent in enacting Tenn. Code Ann. § 56-7-1206, we

believe it necessary to address whether this summary judgment should have been made final pursuant to Tenn. R. Civ. P. 54.02 as the Trial Court did. *See* Tenn. R. App. P. 13(b). We affirm the grant of summary judgment, but hold that there is a just reason for delay in making the order granting summary judgment a final order under Tenn. R. Civ. P. 54.02. As our Supreme Court has stated: "Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.' Such orders must be supported by a record indicating why there is 'no just reason for delay,' and will preferably include specific findings of fact to that effect." *Harris v. Chern*, 33 S.W.3d 741, 745-46 n.3 (Tenn. 2000) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)). Litigants should not be required to file an interlocutory appeal while the remainder of the litigation is ongoing as "[p]iecemeal appellate review is not favored." *Id.* at 745 n.3.

Prior to discovery, a plaintiff has no sure way to know if a defendant is uninsured under the statute. A prudent plaintiff will, therefore, strictly follow the requirements of Tenn. Code Ann. § 56-7-1206. Then if the defendant is uninsured when the suit is instituted, plaintiff's rights are preserved under the statute.

Plaintiff argues in his brief that a defendant who is insured at the commencement of suit could become uninsured prior to entry of final judgment if, for example, the defendant refuses to cooperate with its insurer during the suit, or if defendant's insurer goes bankrupt. We agree there exists the possibility, however remote, that any defendant, including these Defendants, who is not uninsured at the commencement of suit could become uninsured prior to entry of a final judgment against that defendant. We, therefore, hold that a just reason for delay exists such that the order granting summary judgment to State Farm, Plaintiff's uninsured motorist carrier, should not be made final under Rule 54.02, Tenn. R. Civ. P. We, therefore, vacate only the portion of the Trial Court's order making it a final judgment as to State Farm under Rule 54.02 of the Tennessee Rules of Civil Procedure.

## <u>Conclusion</u>

The Trial Court's order granting summary judgment to State Farm is affirmed. The portion of the Trial Court's order making the summary judgment a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure is vacated. This cause is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, John Hannah, Jr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE